UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER PETERSEN,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | Case No. 3:13-cv-05745-KLS<br><br>ORDER AFFIRMING THE<br>COMMISSIONER'S DECISION |

Plaintiff has brought this matter for judicial review of the defendant Commissioner's denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, the Commissioner's decision to deny benefits is AFFIRMED.

FACTUAL AND PROCEDURAL HISTORY

On May 13, 2010, Plaintiff protectively filed applications for DIB and SSI, alleging disability as of August 30, 2009, due to carpal tunnel syndrome, dyslexia, and back pain. See Administrative Record ("AR") 176, 224. His applications were denied upon initial administrative review and on reconsideration. See AR 78-81, 86-90. A hearing was held before an administrative law judge ("ALJ") on October 26, 2011, at which Plaintiff, represented by counsel, appeared and testified, as did a vocational expert ("VE"). See AR 38-73.

ORDER - 1

On January 27, 2012, the ALJ issued a decision finding Plaintiff not disabled. See AR 19-30.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on August 2, 2013, making the ALJ's decision the Commissioner's final decision. See AR 1-6; see also 20 C.F.R. §§ 404.981, 416.1481.  On August 27, 2013, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See ECF # 1.  The administrative record was filed with the Court on December 11, 2013.  See ECF ## 12-14.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to the Commissioner for payment of benefits or additional proceedings, because the ALJ erred: (1) in finding that he did not meet or equal Listing 1.04; (2) in evaluating the medical evidence in the record; and (3) in assessing his residual functional capacity ("RFC").  For the reasons set forth below, the Court disagrees that the ALJ erred in determining Plaintiff to be not disabled, and therefore affirms the Commissioner's decision.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." (citing Brawner v. Sec'y of Health and Human Servs., 839 F.2d 432, 433 (9th Cir. 1987))).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as

ORDER - 2

adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.   The ALJ's Step-Three Findings

Plaintiff argues that the ALJ erred at step three in finding that his back condition did not meet or equal Listing 1.04.

   A.   *Legal Standards*

At step three of the sequential evaluation of disability, the ALJ considers whether one or more of a claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. The Listing of Impairments (the "listings") describes specific impairments of each of the major body systems "which are considered severe enough to prevent a person from

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

doing any gainful activity." <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1099 (9th Cir. 1999); <u>see</u> 20 C.F.R. § 404.1525. If a claimant meets or equals a listing, the claimant is found disabled without further inquiry. If not, the analysis proceeds to the next steps of the evaluation.

Each listing sets forth the "symptoms, signs, and laboratory findings" that must be established in order for claimant's impairment to meet the listing. <u>Tackett</u>, 180 F.3d at 1099. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990) (emphasis in original). The claimant's impairment must not only be one listed in Appendix 1, but must have the specific findings shown in the listing for that impairment. <u>Marcia v. Sullivan</u>, 900 F.2d 172, 175 (9th Cir. 1990).

B.   *Listing 1.04*

Listing 1.04 applies to disorders of the spine that result "in compromise of a nerve root (including the cauda equina) or the spinal cord," as evidenced by:

> (A) . . . [N]erve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> or
>
> (B) Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> or
>
> (C) Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic

ORDER - 4

nonradicular pain and weakness, and resulting in an inability to ambulate effectively, as defined in [20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00B2b].

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04.  The ALJ found that Plaintiff's medical evidence failed to indicate nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication, and thus his condition did not meet or equal Listing 1.04.  AR 22.

Plaintiff contends that the ALJ's finding was too conclusory, in light of medical evidence showing degenerative disc disease, facet degenerative joint disease, ligamentum flavum hypertrophy, disc protrusion, effaced anterior thecal space and left lateral recess, possible impingement of a nerve root, and spondylosis.  ECF # 17, p. 8-9.  According to Plaintiff, this evidence establishes that he has "nerve root compression" (ECF # 17, p. 9), but he does not cite any evidence that actually uses that terminology to describe his condition or any medical opinion indicating that he meets or equals Listing 1.04.  As noted by the Commissioner, Plaintiff merely suggests "that the findings he cites to in the record establish nerve root compression, [but] he has not demonstrated that this is so[.]"  ECF # 18, p. 12.  Plaintiff does not address this issue on Reply, and the Court thus concludes that Plaintiff has failed to establish a step-three error.

II.   The ALJ's Evaluation of the Medical Evidence in the Record

Plaintiff argues that the ALJ erred in discounting the opinion of examining psychologist Loren W. McCollom, Ph.D., that he should not work in a job requiring public contact.  Plaintiff notes that the ALJ included a restriction on public contact in her RFC assessment, however, and argues that this finding is inconsistent with her rejection of Dr. McCollom's opinion and demonstrates that the ALJ's reasons for discounting Dr. McCollom's opinion were not legitimate.

A.   *Legal Standards*

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

ORDER - 5

opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson, 359 F.3d at 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

B.     *Dr. McCollom's Opinion*

Dr. McCollom examined Plaintiff in March 2011 and wrote an 11-page report detailing his opinions regarding Plaintiff's functionality and summarizing Plaintiff's test results. AR 1069-79. As noted by Plaintiff, Dr. McCollom found that Plaintiff would not be able to work in a job that required public contact. AR 1078. The ALJ specifically rejected that opinion as inconsistent with objective medical evidence and Plaintiff's own self-reported ability to interact socially. AR 28.

The State agency consultants reviewed *inter alia* Dr. McCollom's opinion and also opined that Plaintiff could not work in jobs requiring public contact. AR 1082. The ALJ

ORDER - 6

discounted some of the State agency opinion, but did include a public-contact restriction in her RFC assessment.  AR 23, 28.

It is the ALJ's inclusion of a public-contact restriction that renders Plaintiff's assignment of error so curious: Plaintiff argues that the ALJ erred in rejecting Dr. McCollom's opinion regarding public contact, but he can establish no prejudice flowing from that alleged error given that the ALJ credited the State agency opinion regarding public contact and accounted for it in the RFC assessment.  Without a showing of prejudice, Plaintiff has not established or even alleged harmful, reversible error.  See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (providing that an error is harmless if it does not affect the ultimate nondisability determination).  Assuming that the ALJ erred in rejecting Dr. McCollom's opinion regarding Plaintiff's ability to work with public contact, because the ALJ's RFC assessment precluded public contact, the error could not have affected the ALJ's ultimate decision.

The Court finds no reason to assume any error, however, because the ALJ's reasons for discounting Dr. McCollom's opinion are specific and legitimate.  The ALJ cited a previous psychiatric examination as inconsistent with Dr. McCollom's opinion, and the previous examiner did opine that Plaintiff had no mental or emotional disorders that would pose any obstacle to a return to work.  AR 28 (citing AR 982-88).  The ALJ also noted that Plaintiff himself reported no difficulty in social interaction, and this is corroborated by Plaintiff's self-report to Dr. McCollom and others.  See AR 28, 985, 1078.  These are sufficient reasons to discount Dr. McCollom's opinion.  See, e.g., Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding it not improper for an ALJ to reject an opinion inconsistent with the record).

Accordingly, because the ALJ provided specific, legitimate reasons to discount Dr. McCollom's opinion — and because the rejected limitation found by Dr. McCollom was

nonetheless accounted for in the RFC assessment — the ALJ did not err with respect to Dr. McCollom's opinion.

III. <u>The ALJ's Assessment of Plaintiff's RFC</u>

Plaintiff argues that the ALJ erred in failing to account for the VE's testimony that a hypothetical person who requires two or more unscheduled breaks per day would not be able to maintain employment. ECF # 17, p. 7. He also contends that the ALJ erred in finding that he is capable of frequent handling and fingering. *Id*.

A. *Legal Standards*

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. <u>See</u> 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. <u>See id.</u> If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling 96-8p, 1996 WL 374184, at *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. <u>See id.</u> RFC thus is what the claimant "can still do despite his or her limitations." <u>Id.</u> It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. <u>See id.</u>

B. *Unscheduled Breaks*

The VE testified in response to a question from Plaintiff's attorney that a person requiring two unscheduled breaks per day could not maintain employment. AR 71. Plaintiff argues that

ORDER - 8

the ALJ should have included this limitation in her RFC assessment (ECF # 17, p. 7), but does not cite any evidence credited by the ALJ that would mandate such a limitation. Accordingly, Plaintiff has failed to establish an error in the ALJ's RFC assessment. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) (holding that an RFC assessment need not account for limitations or impairments that the ALJ properly rejected).

C. *Handling and Fingering*

Plaintiff argues that in light of the State agency opinion indicating that he is limited in reaching and handling (AR 946), the ALJ erred in finding that he could perform frequent handling and fingering (AR 23). Plaintiff overlooks the State agency consultant's narrative description of his limitations, which specifically provides that Plaintiff could perform frequent overhead reaching and frequent grasping and handling. AR 950. This opinion is furthermore consistent with Plaintiff's treating physician's opinion that he could use his wrists on a "frequent" basis. AR 850. Accordingly, Plaintiff has failed to establish that the ALJ erred in assessing his handling and fingering limitations.

CONCLUSION

For the foregoing reasons, the Court hereby finds the ALJ properly found Plaintiff not disabled. Accordingly, the Commissioner's decision to deny benefits is AFFIRMED.

DATED this 10th day of July, 2014.

*Karen L. Strombom* (signature)
Karen L. Strombom
United States Magistrate Judge

ORDER - 9